3220343 consolidated with 3220344 and 3220345 the people of the state of Illinois Eppley versus Isaiah M. Herring, Appellant. Mr. Varrell, is it Varrell? Yes, Varrell. Correct. You may proceed. Okay. Thank you, your honors. Well, good afternoon to your honors and counsel. My name, again, for the record, is Steve Varrell with the Office of the State Appellant Defender, 3rd District, for the defendant appellant, Isaiah Herring. May it please the court. This case, I believe, is still, although it was said consolidated at the beginning there, three separate appeals that were consolidated for purposes of oral argument only. And I just want to note at the outset that I intend to be making an argument that applies to all of them, I believe. And this court, of course, is free to ask any questions that they think the analysis might be different to one of the cases, but what I'm saying, I think, will apply to all three of the cases. The two issues that I've raised in this case is that the circuit court, after my client entered a negotiated guilty plea and got sentenced to the maximum sentence allowed under the with the appeal admonishment rule of 605C. And then the second issue that I've raised that I think is an independent error is that counsel did not file any 604T certificate. Both of these errors, I think, require, independently require, remand for further post-plea proceedings. Now, as to the 605C admonition issue, the holding that I'm asking this court to reach is a pretty straightforward one. That in a case where a defendant enters a negotiated plea and gets sentenced within the cap, a court should not invite a defendant to file a motion to reconsider sentence. That, of course, is inconsistent with what they're allowed to do in that situation because the Supreme Court has held that if you enter a negotiated plea and get something within the cap that you've agreed to that sentence, you can't file a motion to reconsider sentence unilaterally challenging that without filing a motion to withdraw guilty plea. So here, the court gave what would have potentially been proper 605C admonitions, but then invited my client to file a motion to reconsider sentence, which incorrectly sent him the confusing message here that it would be okay for him to unilaterally challenge his sentence and implicitly to go to denial of that motion, which is exactly what he did without filing a motion to withdraw guilty plea. So I believe that this court could simply adopt the general rule here that it's confusing and a defendant should not be invited to file a motion to reconsider sentence after they've and that making that invitation undermines any proper 605C admonishment that may have been provided before that. Mr. Varel, why not follow the reasoning of Clawdon and say that even though there might have been this confusion, the court essentially gave the gist of 605C or the most important part of 605C. If you want to file an appeal, you have to first move to withdraw your plea. Why? How do you distinguish Clawdon? Okay, well, I don't believe that there's any case that I'm aware of that has held that there was a proper 605C admonishment provided under these sorts of circumstances where a defendant was invited to file a motion to reconsider sentence. So I think that this is a different scenario in that sense. And I think sending that, asking that, inviting that just sends the wrong message. It makes a defendant think that it's okay to go ahead and do this unilateral challenge to his sentence. And I think what we have here is even worse than that, though. I mean, even if this court didn't think that there needed to be a general rule prohibiting a court from inviting someone to file a motion to reconsider sentence after a negotiated plea, the circumstances here are even worse because the reviewing court actually said in imposing a sentence not long before providing the admonitions that a reviewing court made multiple references to a reviewing court addressing the propriety of the sentence that it was imposing. So this actually quite expressly told the defendant that he would have a right to appeal his sentence. And then when he's told he can also file a motion to reconsider sentence, that really makes it very confusing to a defendant in that situation. So aside from just adopting that general rule, this court could also just say, we don't need to go there because the facts of this case are worse than that. And we can also look at the other things that happened, like the court addressed the motion was argued and denied on its merits rather than the court just saying, you can't file this and telling the defendant then that you can't appeal from it. That didn't happen. We're also talking about here, a juvenile who entered a plea of guilty but mentally ill was originally found to be unfit by the juvenile court before being found restored to fitness. And it's someone who's particularly susceptible to being confused by the types of things that all the parties did here, acting like it was okay for him to file a motion to reconsider sentence. His counsel filing it, his counsel filing a notice of appeal after that, without a motion to withdraw a guilty plea. And I think all those circumstances mean that in this case, at least, there should be a remand even if this court doesn't think that that general rule should apply in all cases. Did that answer your question? Yes. Okay. So I think the, just briefly, can also talk a little bit about the 604 D certificate issue. I think the cases on which the state is relying here that didn't grant relief in situations where there was no 604 D certificate and a defendant had attempted to appeal for a motion to reconsider sentence after a negotiated plea. I think that reasoning was undermined by the Supreme Court in subsequent cases that held that a defendant, the argument used to be that the state was making was that a defendant was only, an attorney only needed to certify consultation about the type of error that was associated with the post-plea motion. So if a defendant filed a motion to reconsider sentence, it was okay to just consult about the sentence and not the plea. But to say not said, no, attorney has to consult with them about both and file a certificate saying that consulted with them about both, regardless of the type of post-plea motion that was filed. Garost extended that to a situation where a defendant expressly said, I do not want to withdraw my guilty plea. And the court said, you have to consult with them about the guilty contention of error in the guilty plea and certify you did that, even if that's what the defendant is telling him. And the reason is because the defendant may come with a complaint about his sentence. I think it's about a sentence, but realize after the consultation that it's actually a complaint about the not understanding the consequences of the plea and not having those explained to him. And so the court basically said that it doesn't matter what type of motion is filed. There needs to be consultation about both. And I think that means that a 604D certificate is going to need to be filed in a case like this, regardless of what type of post-plea motion is filed. And doing that, I think, comports with judicial economy and with the interest of justice and procedural fairness and making sure that defendants get a proper consultation about their plea before they appeal from a negotiated guilty plea. I think that's even more important, maybe, than an open plea, which is a non-engrossed address, because the only areas that can be raised pertain to the plea. So there has to be consultation with that, about that plea and certification about it. In any case, when a defendant tries to file a post-plea motion because he's unsatisfied with his sentence, and then counsel can tell him, you can't file this motion to reconsider, you can't appeal from it. So you need to either file a motion to withdraw a guilty plea or nothing. And those are your options. And so for all those reasons, we're asking for this court to remand for further post-plea proceedings based on either of those two independent errors. And at this point, I'd be happy to answer any questions, although I'm done with my opening argument. Any questions from the court? I have none. I have none. Thank you, Mr. Vero. You'll have time in reply. Ms. Raymond, you may respond. May it please the court, your honors, counsel. My name is Stephanie Raymond. I represent the people of the state of Illinois in this matter. Regarding issue one, I would like to quickly point out the language used by the court. After giving substantially compliant admonishments, the trial court said, if there's a motion to be filed for reconsideration, you can do that at any time. I do not believe, or the state does not believe, that that was an invite to file a motion to reconsider sentence. If it wasn't an invite, you would agree that completely misstates the law and that there's no basis for a defendant and a negotiated plea to motion to reconsider sentence, correct? That's just not possible. Correct, that's not. What was the purpose of the statement by the court, if not an invitation to do something that the statute prohibits, or that the case law and statute prohibits? I'm not sure what the actual purpose of him saying that was, other than when the statement if is used as if there is a motion in this case, then it may be filed. The state doesn't believe that that was an invitation to file such. It did, and the only thing raised in that motion was excessive sentence. The defendant concedes that there was substantially compliant admonishments, however, then argues that the 604D issue is independent. The 604D issue is part of the motion requirement and the certification requirement. The certification requirement is inconsequential where the motion requirement was not met, which in this case, defendant did not meet. So, it's the people's position that the certification requirement, where the motion requirement wasn't met, the certification requirement is inconsequential. Defendant wishes to hold the state to its part of the bargain while he is free to do as he chooses or sees fit. That's contrary to 604D, that's contrary to established law, and the cases that the state cites in its brief support that. The state believes that Albers was correctly decided and that Pressy was incorrectly decided. So, it's the people's position that the trial court's admonishments were substantially compliant, and as a result, defendant was then required to file a motion to withdraw his guilty plea, which he did not do, and because he did not do that, the certification requirement is inconsequential. So, as a result, the state is asking this court to dismiss defendant's appeal. Would doing so be inconsistent with this court's unpublished opinion in Molina? In Molina, I feel the state feels presents a different factual scenario. In that case, the trial court stated, you have an absolute right to file a motion to motion to vacate your, to withdraw your guilty plea. Then, on remand, there was no 604D. On remand, when the 604D, when it went back for 604D certificate, the trial court then said that, okay, so since now you've perfected this appeal, basically by filing a motion to reconsider, we move forward. That's not what happened in this case. The, and also, the admonishments of 604D, or I'm sorry, 605C were not substantial. There were a large part of it missing, and this court found that they were nowhere near what we have in this case. So, it's the state's position that that's actually distinguishable, and it's not the same factual scenario that we have here. If there are no other questions, the state would just ask that this court dismiss defendant's appeal. Any questions from the court? Not for me. I have none. Okay. Thank you, Ms. Raymond. Mr. Verrill, you may reply. Yes, just a couple of points. I also argued that the, what the court said, if there's a motion for reconsideration, it's, if there's a motion to be filed for reconsideration, you can do that whenever you like. And I think the language of the court using, didn't say anything about withdrawing a plea there or something like that. It was a motion for reconsideration after the sentence was just imposed. Also, everyone responded to that in a way that showed that it meant, everyone knew that that meant a motion to reconsider sentence, because counsel immediately filed a motion to reconsider sentence that was handwritten and said, I'll do that right now. Handwritten motion filed right then. And the next day I filed an amended motion. It alleged the sentence was excessive and that it was heard and denied on the merits. And no one ever said anything about the fact that the defendant couldn't file that motion or the court didn't say, well, wait a second. That's not what I meant when I said there's a motion for reconsideration to be filed. I didn't mean that you could file a motion to reconsider sentence. That's kind of what you'd expect if that's what the court didn't mean that. So I think that's clearly an invitation. In terms of Molina, you know, I think this case is very much like Molina, especially if we look at the broader context, because after the court makes multiple references at sentencing to a reviewing court, considering the propriety of the sentence, and then invites the motion to reconsider sentence, it's basically the same as the appellate court in Molina sending the same message as the appellate court in Molina that you can file a motion to reconsider sentence and that you're going to be able to get review of your sentence at that time. So I think if we look at not just the invitation, but also when the court talks about a reviewing court, reviewing the sentence, we've got something that really looks just like Molina, the same confusion that was present in Molina that should require a remand in the interest of just procedural fairness here. Make sure there's an opportunity. Defendant knows what he's supposed to do here if he wants to appeal this judgment. In terms of the state's 604D certificate argument, I'll just briefly note that the Ebers case that the state mentioned, in addition to the DeRosa case that it cited, were decided before this court's, the Illinois Supreme Court's decision in Toussignant and Garos. And I think the logic of those cases undermines Ebers and DeRosa to the extent that they suggested that it was inconsequential, whether there was a consultation about the plea in a case where only a motion to reconsider sentence was filed. Toussignant and Garos show that it's actually highly consequential and important. It's going to prevent us from getting appeals like this that are kind of a waste of time because there are no substantive issues that can be raised and it's going to force the choice to be made in the trial court. Okay, is there going to be a motion to withdraw a guilty plea filed here? And are we going to preserve any issues that can be raised on appeal instead of just get an improper motion filed and now we can't even get to any potential merits of was the defendant misled about the consequences of the plea here? Did he think that maybe the 60-year sentence was something he could challenge under the plea? Was he not aware of that consequence? That's the kind of appeal that we should be getting here. But instead, we have this appeal with the motion to reconsider sentence that we can't address anything on the merits on. So it's highly consequential that that requirement be enforced. So I think for those reasons, this court should remand for further post-plea proceedings for either the 604D certificate error or the 605C admonishment error. And that's all I've got unless there are any questions. Any questions? Okay. Thank you, counsel, both for your arguments in this matter this afternoon. It will be taken under advisement and a written disposition will issue.